St. Louis Southwestern Railway Company et al. v. C. W. Patton.

Decided April 3, 1909.

**1.—Charge—Assumption of Fact—Error.**

Where, in a suit against several railroad companies for the entire value of an automobile shipped over their lines, the evidence tended to show that the automobile was not entirely destroyed in value but was only damaged, it was reversible error for the trial court to assume in its charge upon the measure of damages that the machine was valueless.

**2.—Carriers of Freight—Connecting Carrier—Prepayment of Charges.**

Where each of several connecting carriers bound itself to carry a shipment of freight only over its own line, and limited its liability to damage done on its own line, one of such carriers to which the freight was tendered in a damaged condition could not demand of the carrier tendering the same that it guaranty or prepay the entire freight charges from the point of shipment to destination.

**3.—Same—Demurrage.**

Pleading and evidence considered and held sufficient to require the court to submit to the jury the issue of demurrage presented thereby.

Appeal from the County Court of Jack County. Tried below before Hon. Sil Stark.

*E. B. Perkins, D. Upthegrove, Spoonts, Thompson & Barwise* and *R. M. Rowland,* for appellants.—Inasmuch as each of the Cotton Belts duly transported the shipment to the terminus of its own line and duly tendered same to the proper connecting carrier, and as neither the pleadings nor the evidence in this case showed or tended to show that either of these appellants ever agreed or became bound to carry the automobile or cause it to be carried beyond the end of its own line, and as plaintiff's pleadings declare solely on an alleged loss of the machine by reason of the failure of the carriers to transport it to its destination and are insufficient to support a recovery for mere

damage to the machine by rough handling or accident, there was no issue for the jury to pass upon, and a verdict for appellant should have been directed by the court. Hunter v. Southern Pacific Ry. Co. (Sup.), 13 S. W., 190; Gulf, C. & S. F. Ry. Co. v. Jackson & Edwards, 89 S. W., 968; 1 Hutchinson on Carriers (3d ed.), secs. 226, 227, 231, 243; Missouri, K. & T. Ry. Co. v. Stoner, 23 S. W., 1020; 2 Hutchinson on Carriers (3d ed.), sec. 799; Texas & P. Ry. Co. v. Mugg & Dryden, 202 U. S., 242; 50 Law Ed., 1011; Gulf, C. & S. F. Ry. Co. v. Hefley, 158 U. S., 98; 39 Law Ed., 910; 41 Am. Law Review, p. 496; Gulf, C. & S. F. Ry. Co. v. Everett, 83 S. W., 257; Gulf, C. & S. F. Ry. Co. v. Booton, 15 S. W., 502; 3 Hutchinson on Carriers (3d ed.), sec. 1339; Texas & P. Ry. Co. v. Arnett, 88 S. W., 448.

The pleadings of all the parties and the undisputed evidence showed that this was a shipment in which each carrier merely agreed to carry to the end of its own line and incurred no obligation whatever with reference to the transportation beyond its line; and the action of the court in instructing the jury in substance that each of the Cotton Belts was under obligation to carry the shipment to Jacksboro and see to it that delivery was duly made to Patton at that place, constituted gross error. Hunter v. Southern Pac. Ry. Co. 13 S. W., 190; Gulf, C. & S. F. Ry. Co. v. Jackson & Edwards, 89 S. W., 968; 1 Hutchinson on Carriers (3d ed.), secs. 226, 227, 231, 243; Galveston, H. & S. A. Ry. Co. v. Silegman, 23 S. W., 298; International & G. N. Ry. Co. v. Dimmitt County Pasture Co., 23 S. W., 754.

Since neither of the Cotton Belts ever assumed the obligation to carry the shipment beyond the end of its own line, neither of them was obliged to pay for such transportation beyond its own line. Texas & P. Ry. Co. v. Mugg & Dryden, 202 U. S., 242; 50 Law Ed., 1011; Gulf, C. & S. F. Ry. Co. v. Hefley, 158 U. S., 98; 39 Law Ed., 910; 41 Am. Law Review, p. 946; Missouri, K. & T. Ry. Co. v. Stoner, 23 S. W., 1020.

Inasmuch as the verdict of the jury made no finding on the cross-action pleaded by the Cotton Belts against plaintiff, said verdict was insufficient as a basis for a final judgment in the case. Ablowich v. Greenville Natl. Bank, 67 S. W., 79; Winder v. Weaver, 37 S. W., 376; Texas Brewing Co. v. Meyer, 38 S. W., 263.

*Nicholson & Fitzgerald,* for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—The St. Louis Southwestern Railway Company and the St. Louis Southwestern Railway Company of Texas have appealed from a judgment rendered against them by the County Court of Jack County in favor of C. W. Patton for three hundred and thirty-seven dollars and fifty cents as damages to an automobile. The machine was shipped from Cleveland, Ohio, and consigned to plaintiff Patton at Jacksboro, Texas. The Vandalia Railway Company and the Pennsylvania Railway Company carried it to East St. Louis, Illinois, whence it was shipped to Texarkana by the St. Louis Southwestern Railway Company, which for convenience will be called the foreign Cotton Belt Company. The St. Louis South-

western Railway Company of Texas, hereinafter designated the Texas Cotton Belt Company, transported it from Texarkana to Fort Worth, Texas, and at the station last named tendered it to the Chicago, Rock Island & Gulf Railway Company, hereinafter called Rock Island Company, for shipment from Fort Worth to Jacksboro, but the machine was then in a damaged condition and by reason thereof the last named company refused to accept it unless the Texas Cotton Belt Company would prepay or guarantee eighty-eight dollars and fifty cents freight charges on the machine from Cleveland to Jacksboro. This demand was refused and the machine was left in Fort Worth in possession of the Texas Cotton Belt Company. All the railway companies above mentioned were made parties defendant in plaintiff's petition. The verdict of the jury was in favor of the Rock Island Company, and also in favor of the two Cotton Belt Companies on their pleas over against the Vandalia and Pennsylvania Railway Companies for three hundred and fourteen dollars and fifty cents.

The trial court instructed the jury that if they should find a verdict against the two Cotton Belt Companies the measure of plaintiff's damages which should be allowed against those defendants would be the reasonable value of the automobile at Jacksboro, Texas, in the condition it should have arrived at Jacksboro, less the legal freight charges on the shipment. This charge assumed as a fact proven beyond controversy that the damage to the machine while in transit over those two railways had totally destroyed its value as alleged in plaintiff's pleadings, but as evidence was introduced to the effect that such contention was untrue, the charge was error, which will require a reversal of the judgment.

In the charge the jury were told in effect that if they believed that the machine was shipped from Cleveland and consigned to plaintiff at Jacksboro, and if the Texas Cotton Belt refused to prepay or guarantee to the Rock Island eighty-eight dollars and fifty cents freight charges, and refused to deliver the machine to plaintiff at Jacksboro, and if the automobile was in a damaged condition at the time it was tendered to the Rock Island, then the two Cotton Belt Companies would be liable. Appellants complain that such instruction was substantially a charge that the two Cotton Belt Companies had each agreed to ship the machine to Jacksboro and owed the duty so to do. From this charge it would seem that such was the theory of law adopted by the trial court, and in view of another trial we deem it proper to suggest that it is incorrect. The undisputed evidence shows that by contract each company handling the machine limited its liability to damage done on its own line. To so contract was a legal right to each company, and none of the companies was under any legal duty to prepay or guarantee the entire freight charges on the machine. The Texas Cotton Belt Company claimed demurrage charges on the machine and this claim should have been submitted to the jury, but the court failed to submit it.

For the errors indicated above the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*